This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. 34,682**

**JEREMIAH BRIAN SHELBY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven Johnston, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for breaking and entering, and acquitting him for larceny over $500 and criminal damage to property. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded. We affirm Defendant's convictions.

{2}     On appeal, Defendant argues that the evidence was insufficient to establish that he knowingly entered Ms. Lucero's home without permission, an essential element of breaking and entering. [MIO 3-7] We do not repeat the analysis contained in our notice; rather we address only those arguments Defendant asserts in response to our proposed analysis. In response to our notice, Defendant disagrees with our reliance on *State v. Rubio*, 1999-NMCA-018, 126 N.M. 579, 973 P.2d 256, in proposing summary affirmance. Defendant contends that *Rubio* is not controlling because the defendant in that case, Rubio, was not directly challenging the sufficiency of the evidence, he was challenging the breaking and entering instruction. [MIO 6] *See id.* ¶¶ 4-5. We agree with Defendant's characterization of Rubio's argument, but this Court's opinion did assess the sufficiency of the evidence to support the conclusion that Rubio entered the dwelling without authority to do so. *See id.* ¶ 9. ("The testimony below evidences nothing more than that Defendant was a frequent visitor at Reynolds' apartment and

that he was there with Reynolds' permission. In sum, we believe that the evidence overwhelmingly supports the conclusion that Defendant did not have blanket authority to enter the apartment, or that whatever authority he may have had was freely revocable by Reynolds."). *Id ¶ 9.* As a result, we find guidance in the Court's application of law to fact in *Rubio*.

{3}     Also in response to our notice, Defendant distinguishes the facts in *Rubio* on the grounds that Rubio's girlfriend expressly denied him permission to enter her apartment; whereas, in the current case, Ms. Lucero did not expressly deny or grant Defendant permission to enter her home. [MIO 7] We are not persuaded that this distinction renders the State's evidence insufficient. The breaking and entering statute does not require a showing that the victim expressly denied the defendant authorization to enter his or her home in order for the entry to be unauthorized. *See* NMSA 1978, § 30-14-8(A) (1981) ("Breaking and entering consists of the unauthorized entry of any . . . dwelling . . ., where entry is obtained by fraud or deception, or by the breaking or dismantling of any part of the . . . dwelling . . ., or by the breaking or dismantling of any device used to secure the . . . dwelling . . . [.]"); UJI 14-1410 NMRA (stating that the jury must find that the defendant entered the property without permission). We note that our proposed analysis did not rely on the fact that Rubio was expressly denied permission, because the Court's opinion emphasized that

despite Rubio's close relationship and shared parental responsibilities with his girlfriend, Rubio nevertheless had a separate dwelling and did not have "blanket permission" to enter his girlfriend's house. *See Rubio*, 1999-NMCA-018, ¶¶ 2-3, 9. In the current case, Defendant did not have the same type of relationship and shared responsibilities with Ms. Lucero that might give rise to a "blanket permission" to enter Ms. Lucero's home. In Defendant's situation, they had an "on again, off again" relationship; [DS 2] and they were just friends at the time Ms. Lucero left town. [RP 75] Ms. Lucero testified that even when she and Defendant were dating, they were permitted to go into each other's homes, but only when they gave each other notice. [RP 82] There is no question that Defendant did not have authority to enter Ms. Lucero's home. As we stated in our notice, Ms. Lucero's express permission to enter her home was required for Defendant to enter it, and Ms. Lucero testified that she had not given Defendant permission to enter her house or take her things or her dog, as Defendant did. [RP 75] As a result, we hold that Defendant's argument that the evidence was insufficient as a matter of law fails.

{4}     We also note that Defendant's argument ignores the reasonable inferences the jury could draw from the evidence of Defendant's conduct in gaining entry into Ms. Lucero's home and thereafter. *See State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656 (reviewing both direct and circumstantial evidence for their

4

sufficiency in supporting the conviction); *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (observing that the reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"). Viewing the evidence consistently with our standard of review, we believe that the State presented sufficient evidence that Defendant's entry into Ms. Lucero's home by damaging her back door was an unauthorized entry within the meaning of the offense of breaking and entering. [RP 117]

**CONCLUSION**

{5}     For the reasons stated in this opinion and in our notice, we affirm the district court's judgment and sentence.

{6}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____

**LINDA M. VANZI, Judge**